IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DON LATTIMORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14CV721 |
| | ) | |
| N.C. DEPT. OF PUBLIC SAFETY, | ) | |
| et al., | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. For the following reasons, the Petition cannot be further processed.

1. Petitioner fails to indicate that state court remedies and state administrative remedies have been exhausted as required by 28 U.S.C. § 2254(b). This Court cannot grant relief unless state court remedies have been exhausted. Id. Petitioner gives some indication that he pursued such remedies, but does not provide any details or indicate whether or not he fully exhausted his avenues of relief with the State.

2. Petitioner fails to complete the § 2254 form as required. Section 18 of that form states that if the conviction being challenged became final more than a year prior to the filing of the Petition, then Petitioner "must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." Here, Petitioner seeks to challenge a prison disciplinary conviction which is approximately four years old. However, rather than complete the section, he simply writes "N/A," which is insufficient in these

circumstances. From what little information Petitioner provides in his Petition, it appears that his claims are very likely time-barred and, therefore, subject to dismissal. If this is not the case, he must explain why they are not.

Because of the pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 9th day of January, 2015.

                                                   /s/ Joi Elizabeth Peake
                                                   United States Magistrate Judge